UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-931-UA (OP)** | Date | **August 1, 2013** |
|---|---|---|---|
| Title | **James George Stamos, Jr. v. Randy Grounds, et al.** | | |

| Present: The Honorable | Oswald Parada, United States Magistrate Judge | | |
|---|---|---|---|
| D. Castellanos | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**       **IN CHAMBERS: ORDER TO SHOW CAUSE**

# I.
# Proceedings

On April 3, 2013, James George Stamos, Jr. ("Plaintiff") lodged for filing a Civil Rights Complaint pursuant to 42 U.S.C. § 1983 in the United States District Court for the Northern District of California. (ECF No. 1.) On May 14, 2013, an order was entered transferring the matter to this District. (ECF No. 13.) On May 21, 2013, Plaintiff filed an *in forma pauperis* application in order to proceed without payment of the full filing fee. (ECF No. 15.)

In accordance with the mandate of the Prison Litigation Reform Act of 1995 ("PLRA"), the Court must examine a complaint for the purpose of determining whether the action is frivolous or malicious fails to state a claim on which relief may be granted or seeks monetary relief against a defendant who is immune from such relief, regardless of whether a prisoner prepays filing fees or requests to proceed *in forma pauperis*. See 28 U.S.C. §§ 1915(e)(2), 1915A(a), (c); 42 U.S.C. § 1997e(c)(1). Review under § 1915(e) for failure to state a claim is governed by the same standard applied in reviewing a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998). A complaint may be dismissed as a matter of law for failure to state a claim for two reasons: (1) lack of a cognizable legal theory; or (2) insufficient facts under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-931-UA (OP)** | Date | **August 1, 2013** |
|---|---|---|---|
| Title | **James George Stamos, Jr. v. Randy Grounds, et al.** | | |

For the reasons set forth below, Plaintiff is ordered to show cause why the *in forma pauperis* application should not be denied.

## II.
## Discussion

### A.  Summary of Plaintiff's Allegations.

The named Defendants in the Complaint are as follows: (1) California Department of Corrections and Rehabilitation ("CDCR"); and (2) David B. Long, Warden of Ironwood State Prison. Plaintiff does not indicate in what capacity Defendants are being sued. Plaintiff alleges a violation of the Eighth Amendment to the United States Constitution based on his placement in administrative segregation. He seeks damages. (Compl. at 2-3, 6.)

Plaintiff alleges that after his acquittal on a separate criminal offense, Defendant Long "authorized a wrongful imprisonment inside of a prison by allowing officers to frame me as I was out to court." This resulted in Plaintiff being housed in administrative segregation for approximately one year. (Id. at 3.)

### B.  The Complaint Is Subject to Dismissal Based on Eleventh Amendment.

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. Immunity from suit under the Eleventh Amendment further extends to suits by citizens against their own state. Holz v. Nenana City Public School Dist., 347 F.3d 1176, 1180 (9th Cir. 2003). The United States Supreme Court has held that a suit against a state employee acting in his official capacity is tantamount to a lawsuit against the state. See Kentucky v. Graham, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 87 L. Ed. 2d 114 (1985). Furthermore, a § 1983 action may not be maintained against official capacity defendants because "neither a State nor its officials acting in their official capacities are 'persons' under § 1983." Will v. Michigan Dept. of State Police, 491 U.S. 58, 109 S. Ct. 2304, 105 L. Ed. 2d 45 (1989).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-931-UA (OP)** | Date | **August 1, 2013** |
|---|---|---|---|
| Title | **James George Stamos, Jr. v. Randy Grounds, et al.** | | |

In the Complaint, Plaintiff does not indicate in what capacity Defendants are being sued. However, he does seek damages. (Compl. at 2-3, 6.) To the extent Defendants are being sued for damages in their official capacities, the Eleventh Amendment bars such claims.

### C. The Complaint Is Subject to Dismissal for Failure to State a Claim Based on Respondeat Superior Liability.

Supervisory personnel are not individually liable under § 1983 on a theory of respondeat superior or vicarious liability in the absence of a state law imposing such liability. Monell v. New York City Dep't of Soc. Serv., 436 U.S. 658, 691, 694-95, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978); Redman v. County of San Diego, 942 F.2d 1435, 1446 (9th Cir. 1992); Hansen v. Black, 885 F.2d 642, 645-46 (9th Cir. 1989). A supervisory official may be personally liable under § 1983 only if he or she was personally involved in the constitutional deprivation, or if there was a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation. See Redman, 942 F.2d at 1446-47; Hansen, 885 F.2d at 646; Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). Vague and conclusory allegations are insufficient to state a valid claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 553-56, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

In the Complaint. Plaintiff alleges after his acquittal on a separate criminal offense, Defendant Long "authorized a wrongful imprisonment inside of a prison by allowing officers to frame me as I was out to court." This resulted in Plaintiff being housed in administrative segregation for approximately one year. (Compl. at 3.) These conclusory allegations are insufficient to establish that there was a constitutional violation, that Defendant Long was personally involved in any such violation, or that there was a sufficient causal connection between the alleged wrongful conduct and any constitutional violation. See Redman, 942 F.2d at 1446-47. Thus, the Complaint is subject to dismissal for failure to state a claim based on supervisory liability.

/ / /
/ / /
/ / /
/ / /

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | **EDCV 13-931-UA (OP)** | Date | **August 1, 2013** |
|---|---|---|---|
| Title | **James George Stamos, Jr. v. Randy Grounds, et al.** | | |

## III.
## Conclusion

Based the foregoing, Plaintiff is ordered to show cause on or before August 30, 2013, why the *in forma pauperis* application should not be denied. If Plaintiff still wishes to pursue this action, he shall have until August 30, 2013, to file an amended Complaint, attempting to cure the defects in the Complaint. The amended Complaint shall be complete in itself and must remedy the deficiencies discussed herein.

Failure to comply with the requirements of this OSC will result in a recommendation that the *in forma pauperis* application be denied for failure to state a claim on which relief may be granted, for failure to prosecute, and/or for failure to comply with a court order.

The Clerk is directed to provide Plaintiff with a blank Central District Civil Rights Complaint form and a blank *in forma pauperis* application.

**IT IS SO ORDERED.**


cc: All Parties of Record

Initials of
Deputy Clerk          D.C.